**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**SCHENECTADY INDUSTRIAL CORP.,**

                          **Plaintiff,**

                                                                       **06-CV-1493**

             **v.**                                                        **(GLS/DRH)**

**UPSTATE TEXTILES, INC.,
SAFER EQUIPMENT CORP.,
COMMERCEWEST BANK, N.A.,**

                          **Defendants.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| **Schenectady Industrial Corp.**<br>Deily, Mooney Law Firm<br>8 Thurlow Terrace<br>Albany, NY 12203-1006 | DOUGLAS J. ROSE, ESQ.<br>RICHARD C. MAIDER, ESQ. |
| **FOR THE DEFENDANTS:** | |
| **Upstate Textiles, Inc.**<br>**Safer Equipment Corp.**<br>Office of Philip D. Neur, P.C.<br>1875 McCarter Highway<br>Newark, NJ 07104 | PHILIP D. NEUER, ESQ. |
| Bennett, Giuliano Law Firm<br>225 West 34th Street<br>Suite 402<br>New York, NY 10122 | JEFFREY R. KRANTZ, ESQ. |

**Commercewest Bank, N.A.**
Murphy, Burns Law Firm
226 Great Oaks Boulevard
Albany, NY 12203

PETER G. BARBER, ESQ.

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

Plaintiff Schenectady Industrial Corporation ("Schenectady") brought this action against Commercewest Bank ("Bank"), Upstate Textiles, Inc. ("Upstate"), and Safer Equipment Corp. ("Safer") to recover damages for the use of Schenectady's buildings and the removal/cleanup of petroleum substances from those buildings. Pending before this court are: (1) the Bank's motion for summary judgment; (2) Schenectady's motion for partial summary judgment; (3) Schenectady's first motion to amend the complaint or, in the alternative, to dismiss the action without prejudice; (4) Upstate and Safer's motion for summary judgment; and (5) Schenectady's second motion to amend the complaint. Naturally, all the parties want this court to grant their motions. However, following review of the motions, briefs in support thereof, the responses, and the record on the matter, the court grants Schenectady's first motion to amend the complaint and the Bank's

2

motion for summary judgment, but denies the remaining motions.

## **BACKGROUND**

Schenectady is a New York corporation, Upstate is a New Jersey corporation, Safer is a New Jersey corporation, and the Bank is a federally chartered institution with its principal place of business in California.  See Complaint at ¶¶ 1-4; Dkt. No. 1.  Schenectady is the owner of several buildings in Schenectady, New York.  *Id.* at ¶ 8.  Schenectady's property was leased to Twin Rivers Textile Printing & Finishing ("Twin Rivers").  *Id.* at ¶ 9.  Twin Rivers became a subsidiary of Guilford Mills, Inc. ("Guilford"). *Id.* at ¶ 11.  Subsequently, Guilford filed bankruptcy under Chapter 11.  *Id.* at ¶ 12.  In the course of the bankruptcy proceedings, Twin Rivers' assets were sold to Greenblatt & Co. ("Greenblatt").  *Id.* at ¶ 13.

The Bank extended credit to Greenblatt and that credit was secured by Greenblatt's assets.  *Id.* at ¶ 14.  When Greenblatt defaulted on its obligations to the Bank, the Bank foreclosed and took possession of Greenblatt's assets.  *Id.* at ¶ 16.  Thereafter, Twin Prints, LLC ("Twin Prints") acquired the Bank's interest in Greenblatt's collateral.  *Id.* at ¶ 17. Twin Prints executed a security agreement, which granted the Bank a first priority security interest in secured property.  *Id.* at ¶ 17-18; *see also*

3

Bank's Statement of Material Facts at ¶ 9, Dkt. No. 27.  Later, Twin Prints merged with Mohawk Valley Textiles Printing, LLC ("Mohawk") and Twin Prints transferred its assets to Mohawk.  *See* Complaint at ¶ 19.  Eventually, Mohawk entered into agreements with the Bank to assume Twin Print's responsibilities to the Bank.  *Id.* at ¶¶ 20-21.  Pursuant to the agreements, the Bank obtained a security interest in Mohawk's assets.  *Id.*

Mohawk eventually defaulted on its obligations to the Bank and surrendered its assets to the Bank.  *Id.* at ¶¶ 23-24.  Thereafter, Safer acquired the Bank's interest in Mohawk's collateral.  *Id.* at ¶ 26.  Subsequently, Safer transferred that interest to Upstate.  *Id.* at ¶ 27.  Eventually, Upstate left Schenectady's buildings.  *Id.* at ¶ 29.

Based upon diversity jurisdiction, Schenectady filed a complaint against the Bank, Upstate, and Safer seeking compensation for, among other things, use and occupation of its property under New York Real Property Law.  In addition, Schenectady sought compensatory damages from the Bank for the cleanup of toxic substances.  Specifically, Schenectady pursued damages for violations of the Federal Toxic Substances Control Act, Federal Solid Waste Disposal Act, New York State Industrial Hazardous Waste Management Act, New York Navigation Law,

4

and for leaving waste in Schenectady's property.

The Bank then moved for summary judgment asserting, among other things, that Schenectady had no cause of action under the Federal Toxic Substances Control Act, Federal Solid Waste Disposal Act, and the New York State Industrial Hazardous Waste Management Act. Soon thereafter, Schenectady moved for summary judgment. However, at the same time, realizing its claims under the previously mentioned Acts were not viable, Schenectady also filed a motion to amend its complaint or, in the alternative, to dismiss the action without prejudice. Thereafter, Upstate and Safer also moved for summary judgment. Months later, Schenectady then filed yet another motion to amend its complaint. The court analyses each motion in turn.

## II. DISCUSSION

### 1. Schenectady's first motion to amend the complaint or, in the alternative, dismiss the action without prejudice.

Rule 15(a) directs that leave to amend should be "freely given." *See* Fed.R.Civ.P. 15(a)(2); *see Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.,* 404 F3d 566, 603 (2d Cir. 2005). "The Second Circuit has held that a Rule 15(a) motion 'should be denied only for such reasons as undue

5

delay, bad faith, futility to the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *See Aetna Cas. and Sur,* 404 F.3d at 603-04 (citing *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir. 1987) (emphasis added) and *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Here, Schenectady's first motion to amend asserts two additional claims against Upstate and Safer and none against the Bank. The two claims asserted by Schenectady are a claim under the Comprehensive Environmental Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et. seq., and a common law negligence/nuisance claim.

In determining whether the proposed new claims would cause undue prejudice, the court considers "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *See Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir. 1993).

The court determines that with the proposed new claims, there will be no significant resources needed to conduct discovery, no significant

6

additional delay of the resolution of the dispute, or an element of surprise as to the type of relief sought by Schenectady in its previous complaint (recovery of costs for the alleged cleaning and removal of hazardous substances). Thus, the court concludes Upstate and Safer will not be prejudiced by Schenectady's proposed new claims. *See Ansam Associates, Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985) (affirming a district court determination that an amendment was prejudicial because the "proposed [] claims allege[d] an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice."). Therefore, Schenectady's first motion to amend its complaint is GRANTED.

Having made this determination, Schenectady's alternative motion to dismiss its case without prejudice is now MOOT.

### 2. Schenectady's second motion to amend.

Schenectady's second motion to amend its complaint seeks to bring a claim only against the Bank under CERCLA. The court denies this amendment on the grounds that such amendment would be futile. In addressing futility, "the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *See Aetna Cas. and*

7

*Sur.,* 404 F3d at 604 (citations omitted). "That is, the court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party." *Id.* "A claim may not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief.'" *Id.* (citation omitted).

Applying these standards, the court concludes the proposed CERCLA claim against the Bank is futile. Under CERCLA, only "potentially responsible parties must shoulder the frequently heavy burden of environmental liability." *See Commander Oil Corp. v. Barlo Equipment Corp.,* 215 F.3d 321, 327 (2d Cir. 2000). Here, the record indicates that plaintiff admitted there was no evidence of a discharge of hazardous materials during the 10-day period the Bank held the property to protect its security. *See* Dkt No. 27; Buhrmaster's Deposition at p. 52 and 53. In addition, nothing in the record indicates the Bank, during the 10-day period, was anything other than a mere secured creditor who is fully protected by the security exception carved out in 42 U.S.C. § 9601(20)(A). *See In re Bergsoe Metal Corp.,* 910 F.2d 668 (9th Cir. 1990); *Waterville Industries, Inc. v. Finance Authority of Maine,* 984 F.2d 549 (1st Cir. 1993); *Monarch*

*tile, Inc. v. City of Florence,* 212 F.3d 1219 (11th Cir. 2000). Furthermore, allowing Schenectady to amend its complaint against the Bank several months after the Bank filed its motion for summary judgment would not only be futile, but also prejudicial. Accordingly, Schenectady's second motion to amend is DENIED.

### 3. The Bank's motion for summary judgment.

In light of this court's denial of Schenectady's second motion to amend its complaint to assert a CERCLA claim against the Bank, the court now considers the Bank's summary judgment motion on Schenectady's claims to recover for use and occupation of its facilities under NYS Real Property Law § 220 and for unjust enrichment.

Section 220 requires "that the landlord's claim to reasonable compensation for use and occupation be rooted in an agreement, written or oral." *See In re Seatrade Co.,* 345 F.2d 785, 787 (2d Cir. 1965). Furthermore, a landlord-tenant relationship is an essential element for a claim under § 220. *See El Gallo Meat Market, Inc. v. Gallo Market, et al.,* 286 A.D.2d 255, 256 (1st Dept. 2001). Here, nothing in the record indicates there was either an agreement or a landlord-tenant relationship between Schenectady and the Bank. Furthermore, nothing in the record indicates

9

the leasehold interest was part of the Bank's secured property.  *See* Dkt. No. 27, Buhrmaster's Deposition at p. 62-80; also EX. A ("Collateral Description").  In addition, nothing in the record indicates the Bank was enriched at Schenectady's expense during the 10 days it held the property.

Likewise, Schenectady's claim against the Bank under New York State Navigation Law fails.  Nothing in the record indicates the Bank is responsible for the spill of petroleum or any other substance.  *See Dora Homes, Inc. v. Epperson,* 344 F.Supp.2d 875, 892 (E.D.N.Y. 2004).  Nor does the record indicate the Bank assumed Mohawk's or anyone else's liabilities.  *See Haywin Textile Products, Inc. v. Int'l Fin. Inv. & Commerce Bank, Ltd.,* 152 F.Supp.2d 409, 412 (S.D.N.Y. 2001).  Furthermore, the record shows there was no evidence of a discharge of hazardous materials during the 10-day period the Bank held the property to monitor its security.  Moreover, the Bank, as a mere secured creditor, is exempted from liability under navigation law.  *See* N.Y. Nav. Law § 181(4)(b)(2).  Accordingly, the Bank's motion for summary judgment on Schenectady's claims is GRANTED.  However, the Bank's request for attorney fees and costs, or for an opportunity to file a motion for this relief, is DENIED.  *See Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d

182, 186 (2d Cir. 2008) ("Courts in the United States have historically applied the 'American Rule', under which each party is to bear its own costs of litigation, unmitigated by any fee-shifting exceptions.") (citation omitted).

### 4-5. Upstate and Safer's and Schenectady's motions for summary judgment.

In light of this court's granting of Schenectady's motion to amend its complaint to include additional claims against Upstate and Safer, and considering Upstate and Safer's motion for summary judgment no longer fully addresses all the issues as that motion intended, Upstate and Safer's motion for summary judgment will be DENIED without prejudice to refiling. Similarly, in light of the court's rulings regarding the disputes between Schenectady, Upstate and Safer, Schenectady's motion for summary judgment regarding Upstate and Safer is also DENIED without prejudice to refiling.

However, because the court denied Schenectady's separate motion to amend its complaint against the Bank, and also granted the Bank's motion for summary judgment, Schenectady's motion for summary judgment regarding the Bank is MOOT.

11

The court admonishes Schenectady's counsel to refrain from filing motions when he is not familiar with the subject matter.  Counsel's self-admitted inexperience on these matters required the court to untie a Gordian knot.  The court advises counsel that it will not entertain any further motions to amend the complaint.

### III. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that**:**

(1) Schenectady's first motion to amend the complaint or, in the alternative, dismiss the action without prejudice, is GRANTED only with respect to amending the complaint and DENIED in all other respects;

(2) Schenectady's second motion to amend the complaint is DENIED;

(3) The Bank's motion for summary judgment is GRANTED, but its request for attorney fees and costs, or for an opportunity to file a motion for this relief, is DENIED;

(4) Upstate and Safer's motion for summary judgment is DENIED without prejudice;

(5) Schenectady's motion for summary judgment is DENIED without prejudice as to Upstate and Safer, and it is MOOT as to the Bank; and it is further

**ORDERED** that the clerk provide copies of this Decision and Order to

the parties.

**IT IS SO ORDERED**

Albany, New York.
Dated: November 24, 2008

Gary L. Sharpe
U.S. District Judge